915 F.2d 1564
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Clayton CAUDELL, Plaintiff-Appellant,
v.
Gary W. WATERS, Sheriff, Dr. Barclay, Defendants-Appellees.
 No. 90-6821.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 31, 1990.
Decided Oct. 17, 1990.
As Amended Nov. 6, 1990.
Rehearing Denied Nov. 8, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CA-89-134-N)
 Robert Clayton Caudell, Appellant Pro Se. Conrad Moss Shumadine, WILLCOX & SAVAGE, P.C., Norfolk, Virginia; Martha Elizabeth Withrow, Thomas John Harlan, Jr., THOMAS HARLAN & ASSOCIATES, Norfolk, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Clayton Caudell, a Virginia prisoner proceeding pro se, appeals from a district court order which, after construing defendants' motions to dismiss and their accompanying affidavits as motions for summary judgment, granted summary judgment for defendants in his 42 U.S.C. Sec. 1983 action.
 
 
 2
 Under Rule 12(b) of the Federal Rules of Civil Procedure, when matters outside the pleadings are submitted with a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Summary judgment is inappropriate in a proceeding in which a pro se plaintiff is not advised of his right to file counteraffidavits or other responsive materials or alerted to the fact that his failure to respond might result in entry of summary judgment against him. Roseboro v. Garrison, 528 F.2d 398, 210 (4th Cir.1975).
 
 
 3
 Two notarized letters in the record from a postal assistant at the Powhatan Reception and Classification Center support Caudell's assertion that he never received any mailings from the district court. Thus, it appears that Caudell did not receive appropriate Roseboro notice.
 
 
 4
 Under Fed.R.Civ.P. 61, no error or defect in any ruling or order or in anything done or omitted by the court is ground for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. Construing the record in the light most favorable to Caudell, granting summary judgment was proper and doing so without Roseboro notice did not offend substantial justice.
 
 
 5
 The parties do not dispute that Caudell posed a suicide risk during his incarceration, so his placement in a "strip cell" and in a "stokes litter" was appropriate. Neither does Caudell dispute that medical treatment was made available to him because of his positive tuberculosis test. The only disputed issue is the cleanliness of Caudell's strip cell. Since the medical records indicate that Caudell was in the strip cell for only one day and since the conditions were not cruel and unusual under contemporary notions of decency even if Caudell's allegations are true, summary judgment as to this issue was also proper. See Rhodes v. Chapman, 452 U.S. 337 (1981). We therefore conclude that the failure to provide Caudell with a Roseboro notice was harmless error. For these reasons, we affirm the district court's order granting summary judgment to defendants. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 AFFIRMED.